FILED
SUPERIOR COURT
OF GUAM

2023 JUN -8 PM 4: 33

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,**<br><br>v.<br><br>**ANTHONY JAE CRUZ,**<br>DOB: 02/09/1997<br><br>Defendant. | **Criminal Case No. CF0547-22**<br>GPD Report No. 22-22425<br><br>**DECISION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on May 18, 2023 for hearing on Anthony Jae Cruz's ("Defendant's") Motion to Suppress ("Motion"). Assistant Attorney General Kristine Borja represents the People, and Assistant Public Defender Christian Spotanski represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

## BACKGROUND

Defendant stands indicted on Possession of a Concealed Firearm (as a 3rd Degree Felony), Possession of a Firearm Without an Identification Card (as a 3rd Degree Felony), Possession of an Unregistered Firearm (as a 3rd Degree Felony), and Possession of a Schedule II Controlled Substance (as a 3rd Degree Felony) with *Notice*: Commission of a Felony While on Felony Release. See Indictment (Sep. 2, 2022).

The charges stem from an incident on August 28, 2022, when Officer Olivia pulled Defendant over for speeding while Defendant was riding his motorcycle. See Court Recording at 11:08:00 (May 18, 2023). During the stop, Defendant admitted to being on probation and having a firearm on him. Id. at 11:10:00. Officer Olivia then searched Defendant's backpack, and found both a firearm and two bags of methamphetamine. Id. at 11:12:00.

Decision and Order Denying Defendant's Motion to Suppress
CF0547-22, *People of Guam v. Anthony Jae Cruz*
Page 1 of 3

On April 21, 2023, Defendant filed his Motion to Suppress. Defendant claims that his pulling over amounts to an unconstitutional seizure because the police did not have reasonable suspicion he was engaged in criminal activity. See Motion at 3-5 (Apr. 21, 2023). Defendant also claims the search of his backpack was unconstitutional. Id. at 5-6.

On May 3, 2023, the People filed their Opposition to Defendant's Motion ("Opposition"). The People claim the initial seizure was constitutional because police had reasonable cause to believe Defendant was engaged in unlawful activity. See Opposition at 1 (May 3, 2023). The People also believe the search of Defendant's backpack was constitutional because Defendant consented. Id. at 2.

The Court held a hearing on May 18, 2023. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

**I. Guam Police Department's stop of Defendant does not constitute an unconstitutional seizure.**

The Fourth Amendment provides that people should be free from unreasonable searches and seizures. See U.S. Const. amend. IV. A seizure occurs when law enforcement pulls a vehicle over, because a reasonable person would feel they are not free to decline the officer's requests or otherwise immediately terminate the encounter. See *People v. Chargualaf*, 2001 Guam 1 ¶ 17. Evidence obtained from a Fourth Amendment violation is inadmissible. See *Terry v. Ohio*, 392 U.S. 1, at 12 (1968).

Police have authority to briefly detain someone if they have a reasonable suspicion of unlawful activity. Id. at 10. To determine whether an officer's belief is reasonable, courts look at the totality of the circumstances, and whether that belief is based on "specific reasonable inferences" supported by articulable facts, or merely inadequate suspicion. Id. at 27.

Officer Olivia clearly had reasonable suspicion of criminal activity justifying his temporary pullover / seizure of Defendant. Officer Olivia testified that Defendant was driving at an excessive speed well above the speed limit, which is unlawful activity under 16 G.C.A §

Decision and Order Denying Defendant's Motion to Suppress
CF0547-22, *People of Guam v. Anthony Jae Cruz*
Page **2** of 3

3301. <u>See</u> Court Recording at 11:09:00 (May 18, 2023). Officer Olivia was able to point to articulable facts indicating Defendant's violation of Guam law, such as the fact that Officer Olivia had to travel at speeds of 80 miles per hour just to reach Defendant. <u>Id.</u> at 11:09:00. Therefore, Defendant's initial pulling over does not amount to an unconstitutional seizure.

**II. Guam Police Department's search of Defendant's backpack was constitutional because Defendant consented.**

Like seizures, searches must too be reasonable to be valid under the Fourth Amendment. Searches implicate an individual's Fourth Amendment rights when they cover areas in which the individual has a "reasonable expectation of privacy". <u>See</u> *Oliver v. U.S.* 466 U.S. 170, at 171 (1984). If the individual does have a reasonable expectation of privacy, police officers must generally have a warrant before conducting a valid search. Evidence obtained from improper searches is inadmissible. <u>See</u> *Terry v. Ohio*, 392 U.S. 1, 12 (1968).

Here, the Defendant clearly had a reasonable expectation of privacy in the backpack he was carrying. Officer Olivia did not have a warrant before searching the backpack. However, Defendant consented to Officer Olivia's search, negating the need for a warrant. <u>See</u> Court Recording at 11:12:00 (May 18, 2023). Therefore, the search was valid.

<strong><u>CONCLUSION</u></strong>

For the reasons stated above, the Court **DENIES** Defendant's Motion. The initial pullover of Defendant, and subsequent search of his backpack are not Fourth Amendment violations. Therefore, evidence obtained from the August 28, 2022 seizure and search of Defendant is admissible.

**IT IS SO ORDERED** this June 8, 2023 .



**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion to Suppress
CF0547-22, *People of Guam v. Anthony Jae Cruz*
Page 3 of 3